GREGORY A. LONG, Cal. Bar No. 57642
glong@sheppardmullin.com
GARY A. CLARK, Cal. Bar No. 65455
gclark@sheppardmullin.com
DENNIS J. SMITH, Cal. Bar No. 233842
djsmith@sheppardmullin.com
SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
   A Limited Liability Partnership
   Including Professional Corporations
333 South Hope Street, 43rd Floor
Los Angeles, California 90071
Telephone: (213) 620-1780
Facsimile: (213) 620-1398

Attorneys for Plaintiff
PSI SYSTEMS, INC.

GRAVES & WALTON LLP
Philip J. Graves (SBN 153441)
pgraves@graveswalton.com
Greer N. Shaw (SBN 197960)
gshaw@graveswalton.com
James W. Ahn (SBN 243335)
jahn@graveswalton.com
Marjorie A. Witter (SBN 250061)
mwitter@graveswalton.com
Adrian Li (SBN 261995)
ali@graveswalton.com
12121 Wilshire Blvd., Suite 775
Los Angeles, California 90025
Telephone: (310) 295-6500
Facsimile: (310) 295-6501

Attorneys for Defendant
STAMPS.COM INC.

# IN THE UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PSI SYSTEMS, INC., a corporation<br><br>      Plaintiff.<br><br>    v.<br><br>STAMPS.COM INC., a corporation<br><br>      Defendant.<br><br>AND RELATED COUNTERCLAIMS | CASE NO. CV08-05233 ODW(CTx)<br><br>The Honorable Otis D. Wright II<br>Courtroom 11<br><br>**[PROPOSED] STIPULATED PROTECTIVE ORDER** |

The Court, having reviewed the Joint Stipulation Regarding the Protective Order, hereby **ORDERS** that pursuant to Federal Rule of Civil Procedure Rule 26(c), any person subject to this Order – including without limitation the parties to *PSI Systems, Inc. v. Stamps.com Inc.*, Case No. CV 08-05233 ODW(CTx) ("PSI v. Stamps.com" or "this action"), their representatives, agents, experts and consultants and all persons acting in concert or participation with them, and all other persons with actual or constructive notice of this Order – shall adhere to the following terms, upon penalty of contempt:

1. Any person subject to this Order who receives from any other person any "Discovery Material" (i.e., information of any kind provided in the course of discovery) that is designated as "Confidential", "Highly Confidential," "Highly Confidential Source Code," or "Highly Confidential Third Party" pursuant to the terms of this Order shall not disclose such Confidential, Highly Confidential, Highly Confidential Source Code, or Highly Confidential Third Party Discovery Material to anyone else except as expressly permitted hereunder.

2. The entity producing any given Discovery Material ("Designating Entity") may designate as Confidential only such portion of such material as consists of non-public information that the Designating Entity, in the ordinary course of business, would not disclose to the public or to its competitors, including but not limited to:

 a. non-public financial information (including without limitation revenues, profitability reports or estimates, percentage fees, design fees, royalty rates, minimum guarantee payments, sales reports and sale margins);

 b. non-public material relating to ownership or control of any nonpublic company;

 c. non-public business plans, product development information, or marketing plans;

 d. any information of a personal or intimate nature regarding any individual;

    e. non-public research and development information (including without limitation system flow charts and computer programs in source and object code form);

    f. unpublished United States or foreign patent applications;

    g. trade secrets; or

    h. any other category of information hereinafter given confidential status by the Court.

  3. The Designating Entity may designate as Highly Confidential only such portion of such Confidential Discovery Material as consists of information whose disclosure to competitors or to the public would cause a risk of serious harm to the Designating Entity, including but not limited to trade secrets, non-public financial information, non-public research and development information, unpublished United States or foreign patent applications, business plans relating to future or proposed operations, product development information, and marketing plans. The parties are hereby ordered to endeavor in good faith to limit their designations of discovery material as "Highly Confidential," "Highly Confidential Source Code," or "Highly Confidential Third Party."

  4. The Designating Entity may designate as "Highly Confidential Source Code" only source code, or similarly sensitive software code (collectively, "Source Code") that the Designating Party believes in good faith is not generally known to others and has significant competitive value such that unrestricted disclosure to others would create a substantial risk of serious injury, and which the Designating Party (i) would not normally reveal to third parties except in confidence or has undertaken with others to maintain in confidence, and (ii) believes in good faith is significantly sensitive and protected by a right to privacy under federal or state law or any other applicable privilege or right related to confidentiality or privacy.

  5. The parties acknowledge that certain materials in their possession may be subject to confidentiality obligations owed to third parties, or to protective orders entered in prior or concurrently pending lawsuits ("Disclosure Restriction"). In the event that any

discovery request seeks disclosure of any documents or information subject to a Disclosure Restriction, the party from whom discovery is requested shall notify the requesting party of the Disclosure Restriction within thirty (30) days (i) of receipt of such discovery request, or (ii) following entry of this Protective Order, and shall within the same period request of the third party to whom it owes the confidentiality obligation authorization to produce the requested materials or information.  In the event that such authorization is not provided, the party from whom discovery is sought shall, within the later of (i) forty-five (45) days following service of the discovery request, or (ii) thirty (30) days following entry of this Protective Order, move for a protective order regarding the materials or information at issue, and in such event shall be under no obligation to produce the materials or information at issue until the Court has ruled on the motion for a protective order.  In the event that the party from whom discovery is sought fails to file and serve its motion for a protective order within such period, then such party shall produce the materials or information at issue.  If a designated entity is required to produce third party information subject to protective orders entered in prior or concurrently pending lawsuits ("Protected Third Party Information"), such Protected Third Party Information shall be designated as "Highly Confidential Third Party."

6.   All "Confidential," "Highly Confidential," "Highly Confidential Source Code" and "Highly Confidential Third Party" Discovery Material produced in the course of the action in PSI v. Stamps.com and the action in *Stamps.com Inc. v. Endicia, Inc., et al.*, Case No. CV 06-7499 ODW (CTx) ("Stamps.com v. Endicia") (collectively "these actions") (excluding information the public disclosure of which is made or authorized by the Designating Party, or that is or becomes publicly available through no action of any party to this litigation or other person subject to this Order) shall be used by the party or parties to whom the information is produced solely for the purposes of these actions and any appeal from an order or judgment entered in these actions.  Any Discovery Material

produced in Stamps.com v. Endicia may be used in PSI v. Stamps.com and any Discovery Material produced in PSI v. Stamps.com may be used in Stamps.com v. Endicia.

7. With respect to the confidential portion of any Discovery Material other than deposition transcripts and exhibits, the producing person or that person's counsel may designate such portion as "Confidential," "Highly Confidential," "Highly Confidential Source Code," or "Highly Confidential Third Party" by stamping or otherwise clearly marking as "Confidential," "Highly Confidential," "Highly Confidential Source Code," or "Highly Confidential Third Party" the protected portion in a manner that will not interfere with legibility or audibility. With respect to Discovery Material that is contained in a medium that preserves data in an electronic format such as a hard drive, CD or DVD, the producing person or that person's counsel may designate such portion as "Confidential," "Highly Confidential" "Highly Confidential Source Code," or "Highly Confidential Third Party" by clearly marking as "Confidential," "Highly Confidential" "Highly Confidential Source Code," or "Highly Confidential Third Party" each page of the Discovery Material to which the producing person wishes such designation to apply. With respect to deposition transcripts and exhibits, a producing person or that person's counsel may indicate on the record that a question calls for Confidential, Highly Confidential Highly Confidential Source Code, or Highly Confidential Third Party, in which case the transcript of the designated testimony shall be marked by the reporter as "Confidential Information Governed by Protective Order," "Highly Confidential Governed by Protective Order," "Highly Confidential Source Code Governed by Protective Order" or "Highly Confidential Third Party Governed by Protective Order" as appropriate. In addition, a party or non-party may designate in writing, within twenty (20) days after receipt of a deposition transcript for which the designation is proposed, that specific pages of the transcript be treated as Confidential, Highly Confidential, Highly Confidential – Source Code, or Highly Confidential Third Party. During the period prior to such designation or the expiration of such twenty (20) day period, each deposition transcript

1  and all exhibits to each such transcript shall be deemed to be Highly Confidential.  Any
2  other party may object to such proposal, in writing or on the record.  Upon such objection,
3  the procedures described in paragraph 12 below shall be followed.  After any designation
4  made according to the procedures set forth in this paragraph, the designated documents or
5  information shall be treated according to the new designation until the matter is resolved,
6  and counsel for all parties shall be responsible for marking all previously unmarked copies
7  of the designated material in their possession or control with the new designation.  Any
8  party may make any Discovery Material available for inspection prior to marking, and
9  failure to mark such Discovery Material prior to inspection shall not prejudice such
10 party's right to designate such Discovery Confidential, Highly Confidential Highly
11 Confidential Source Code, or Highly Confidential Third Party subsequent to the
12 inspection and prior to producing such materials to any other party.
13      8.     Except with prior written consent of the Designating Entity producing the
14 Discovery Material, or upon an order of the Court obtained upon notice to all parties and
15 affected persons, no person subject to this Order other than the Designating Entity shall
16 disclose any of the Discovery Material designated as "Confidential" to any person
17 whomsoever except to:
18         a.     the Court (including clerks and other Court personnel);
19         b.     only with respect to Confidential Discovery Material, up to five
20 employees (exclusive of in-house counsel) of each party who are assisting such party in
21 the conduct of this action, provided each such person has first executed a non-disclosure
22 agreement in the form annexed as Exhibit A hereto, and that in the event that a
23 previously-selected employee leaves the employ of the selecting party or changes
24 positions within the selecting party, then such party may elect to deselect such employee
25 and select a replacement employee under this subparagraph;
26         c.     only with respect to Confidential Discovery Material, all in-house
27 counsel;
28

      d.    only with respect to Highly Confidential and Highly Confidential Third Party Discovery Material, up to three in-house counsel of each party who are assisting such party in the conduct of this action, provided each such person has first executed a non-disclosure agreement in the form annexed as Exhibit A hereto, and that in the event that a previously-selected in-house attorney leaves the employ of the selecting party or changes positions within the selecting party, then such party may elect to deselect such in-house attorney and select a replacement in-house attorney under this subparagraph;

      e.    outside counsel who have been retained specifically for, and have made an appearance on behalf of a party to, this action, including any paralegal, contract attorney, clerical and/or administrative assistant or staff-member employed or engaged by such counsel;

      f.    as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

      g.    witnesses, only in a deposition at which the party who designated the Discovery Material is represented or has been given notice that Confidential, Highly Confidential, Highly Confidential Source Code, or Highly Confidential Third Party Discovery Material designated by that party may be used.  Any witness (other than an individual identified in subparagraph 8(f)) shown Confidential, Highly Confidential, Highly Confidential Source Code, or Highly Confidential Third Party Discovery Material shall first be required to execute a non-disclosure agreement in the form annexed as Exhibit A and shall not be allowed to retain copies of the Confidential, Highly Confidential, Highly Confidential Source Code, or Highly Confidential Third Party Discovery Material;

      h.    any person (not including any current or former employee of a party) retained by a party to serve as an expert witness or otherwise provide specialized advice or assistance to counsel in connection with this action (including translators, non-

testifying experts, accountants, litigation support contractors and forensic analysts or consultants), provided such person shall personally and on behalf of his or her employees execute a copy of the non-disclosure agreement in the form annexed as Exhibit A hereto before being shown or given any Confidential, Highly Confidential, Highly Confidential Source Code, or Highly Confidential Third Party Discovery Material, and provided that the party shall give notice to the opposing party and any designating party, before disclosing any Confidential, Highly Confidential, Highly Confidential Source Code, or Highly Confidential Third Party Discovery Material to that individual, and shall give the opposing party an opportunity to object (as detailed below) and move for a protective order preventing or limiting any such disclosure.  Notice under this subparagraph shall consist of a written identification of the individual that is to receive the Confidential, Highly Confidential, Highly Confidential Source Code, or Highly Confidential Third Party Discovery Material.  Any objection shall be made within five (5) business days of the notice, and shall be accompanied by a reasonably detailed explanation of the basis of the objection.  Within five (5) business days of receiving the objection, the party who wishes to disclose the confidential information to the individual shall provide a reasonably detailed response.  The parties (and any other affected person) shall thereafter promptly meet and confer in good faith in an attempt to resolve the objection.  If an agreement is not reached as a result of the meet and confer, the person opposing disclosure shall have an additional five (5) business days from the date of the response (or such longer time as the parties may agree upon) to move for a protective order, and disclosure shall not be made until the court rules on the matter or the opposing person's time to move for a protective order has elapsed;

   i. stenographers and videographers engaged to transcribe and record depositions conducted in this action; or

   j. any document duplication, imaging or coding vendor retained by a party to process discovery materials in this case, provided that a representative of that

vendor personally and on behalf of the vendor and its employees and agents execute a copy of the non-disclosure agreement in the form annexed as Exhibit A hereto before being shown or given any Confidential, Highly Confidential, Highly Confidential Source Code, or Highly Confidential Third Party Discovery Material.

9. Discovery Material designated as "Confidential," "Highly Confidential," "Highly Confidential Source Code," or "Highly Confidential Third Party" shall not be given, shown, made available or communicated in any way to any person or entity other than those persons described in this Order, and for the purposes described in this Order.

10. Discovery Material designated as "Highly Confidential," shall not be given, shown, made available or communicated in any way to any person or entity other than those persons described in subparagraphs 8(a), 8(d), 8(e), 8(f), 8(g), 8(h) and 8(i) of this Order, and for purposes described in this Order.

11. Discovery Material designated as "Highly Confidential Source Code," shall not be given, shown, made available or communicated in any way to any person or entity other than those persons described in subparagraphs 8(a), 8(e), 8(f), 8(h), and 8(i) of this Order, and for the purposes described in this Order.

12. Discovery Material designated as "Highly Confidential Source Code," shall be produced in format readable by a native integrative development environment (IDE) application with the linker disabled on an encrypted (e.g., password protected) external hard drive.  The Producing Party shall produce to the Receiving Party a complete copy of the Source Code on each of two external hard drives.  One hard drive may be delivered to the Receiving Party's technical expert(s) and the other hard drive may be maintained and used by persons described in subparagraph 8(e).  The Receiving Party and the consulting expert may only view the Source Code on a stand-alone desktop computer (a computer that is not a laptop or portable computer and is not connected to a network or to the Internet).

13. If the Receiving Party fails to take reasonable steps to protect the secrecy of any discovery material designated as "Highly Confidential Source Code," thereby causing the disclosure of any discovery material designated as "Highly Confidential Source Code" to any persons not described in paragraph 11, the Receiving Party shall be liable to the Producing Party for all harm to the Producing Party resulting from said disclosure.

14. Discovery Material designated as "Highly Confidential Third Party," shall not be given, shown, made available or communicated in any way to any person or entity other than those persons described in subparagraphs 8(a), 8(e), 8(f), 8(h), 8(i) and 8(j) of this Order, and for the purposes described in this Order.

15. Prior to any disclosure of any Confidential, Highly Confidential, Highly Confidential Source Code, or Highly Confidential Third Party Discovery Material to any person referred to in subparagraphs 8(b), 8(c), 8(d), 8(e), 8(f), 8(g) 8(h), 8(i), and 8(j) above, such person shall be provided by outside counsel with a copy of this Protective Order and shall sign a non-disclosure agreement in the form annexed as Exhibit A hereto stating that that person has read this Order and agrees to be bound by its terms. Said counsel shall retain each signed nondisclosure agreement and produce it to opposing counsel either prior to such person being permitted to testify (at deposition or trial) or at the conclusion of the case, whichever comes first. This paragraph is not intended to alter the procedures set forth in subparagraph 8(g) above.

16. If at any time prior to the trial of this action, a party or person realizes that some portion(s) of Discovery Material was produced without a confidentiality designation when that material is entitled to be designated as Confidential by that party or person (or realizes that some portion(s) of Discovery Material was produced with a designation of Confidential when that material is entitled to be designated as Highly Confidential, Highly Confidential Source Code, or Highly Confidential Third Party, that party or person may so designate the Discovery Material by apprising all parties in writing of the new designation, and such designated portion(s) of the Discovery Material will thereafter be treated as

Confidential, Highly Confidential, Highly Confidential Source Code, or Highly Confidential Third Party as appropriate, under the terms of this Order.  Once a party receives notice of the claimed re-designation under this paragraph, that party shall make reasonable efforts to minimize the affect of any prior distribution of the materials to persons not entitled to receive such re-designated materials in accordance with paragraphs 8, 10, 11, 12, and 14.  These efforts shall include obtaining all copies of the materials which, prior to the re-designation, had been distributed to persons no longer entitled to receive such materials.

17. If a party contends that any material is not entitled to confidential treatment, or wishes material originally designated as Highly Confidential, Highly Confidential Source Code, or Highly Confidential Third Party to be re-designated as Confidential, or seeks limited disclosure of otherwise protected material, or otherwise desires some relief from the obligations imposed by this Order, such party may at any time give written notice to the opposing party and any person who designated any affected Discovery Material.  The written notice shall provide a reasonably specific description of the nature of relief sought and the basis for the request.  The parties and any affected person shall thereafter promptly meet in good faith to resolve the request.  If agreement is not reached within ten (10) business days from the date such notice was served, the party seeking relief may move the Court for an order re-designating the material, or permitting limited disclosure of otherwise protected material, or providing the desired relief from this Order.  The party or person seeking to maintain the protected status of the affected material shall have the burden of establishing that the material is entitled to protection.

18. Notwithstanding any challenge pursuant to paragraph 16 to the designation of material as Confidential, Highly Confidential, Highly Confidential Source Code, or Highly Confidential Third Party, all information shall be treated in accordance with its designated level of protection until (a) the party or person claiming confidential status withdraws such designation in writing; (b) the party or person claiming confidential status

1 fails to oppose a motion for an order under paragraph 17; or (c) the Court enters an Order
2 in accordance with paragraph 17.

3     19.    Any party or person subject to this Order, who intends to file or lodge with
4 the Court (or submit to chambers) any Confidential, Highly Confidential, Highly
5 Confidential Source Code, or Highly Confidential Third Party Discovery Material, or any
6 pleading, motion or other papers that disclose such Confidential, Highly Confidential,
7 Highly Confidential Source Code, or Highly Confidential Third Party Discovery Material,
8 shall do so only after placing such material in a sealed envelope or other sealed container
9 pursuant to Fed. R. Civ. P. 26(c)(8) and Local Rule 79-5. On the outside of any such
10 envelope or container, a copy of the first page of the document shall be attached. If
11 Confidential, Highly Confidential, Highly Confidential Source Code, or Highly
12 Confidential Third Party appears on the first page attached to the envelope or container,
13 such material shall be deleted or redacted from the copy appearing on the outside of the
14 envelope or container. On any such envelope or container, the words "CONFIDENTIAL.
15 DOCUMENT FILED UNDER SEAL PURSUANT TO COURT ORDER" shall appear.
16 The parties will use their best efforts to minimize the amount of material filed, lodged or
17 submitted under seal. The parties understand that designation of documents as
18 CONFIDENTIAL, HIGHLY CONFIDENTIAL, HIGHLY CONFIDENTIAL SOURCE
19 CODE, and HIGHLY CONFIDENTIAL THIRD PARTY does not entitled the parties to
20 have those documents filed under seal. Any application to file documents under seal must
21 comply with Local Rule 79-5 and the parties must make the appropriate showing.

22     20.    Counsel for a party may redact pleadings, motions or other papers filed or
23 lodged with the court that have been designated Confidential, Highly Confidential, Highly
24 Confidential Source Code, or Highly Confidential Third Party and provide the redacted
25 version on a non-confidential basis to any employee of such party, but no earlier than 24
26 hours after counsel has provided counsel for the designating party with a copy of the
27 redacted materials. Counsel for the designating party may object in writing within such
28

1  24 hour period, and any such objections shall be specific and identify by page and line
2  number the specific language that counsel contends should be redacted.  In the event that
3  such objection is received, counsel for the non-designating party may provide the
4  materials to their client upon redaction of the specified material.

5      21.  Except as may be otherwise ordered by the Court, any person may be
6  examined as a witness at depositions and trial and may testify concerning all Confidential,
7  Highly Confidential, Highly Confidential Source Code, or Highly Confidential Third
8  Party Discovery Material of which such person has prior knowledge.  In addition, and
9  without in any way limiting the generality of the foregoing:

10      a.  A present director, officer, manager, designated Rule 30(6)(b) witness,
11  and/or expert witness of a Producing Party may be examined and may testify concerning
12  all Confidential, Highly Confidential, Highly Confidential Source Code, or Highly
13  Confidential Third Party Discovery Material which has been produced by that party.

14      b.  A former director, officer, agent and/or manager of a Producing Party
15  may be interviewed, examined and may testify concerning all Confidential, Highly
16  Confidential, Highly Confidential Source Code, or Highly Confidential Third Party
17  Discovery Material of which he or she has prior knowledge, including any Confidential,
18  Highly Confidential, Highly Confidential Source Code, or Highly Confidential Third
19  Party Discovery Material that refers to matters of which the witness has personal
20  knowledge, which has been produced by that party and which pertains to the period or
21  periods of his or her employment; and

22      c.  Non-parties may be examined or testify concerning any document
23  containing Confidential, Highly Confidential, Highly Confidential Source Code, or
24  Highly Confidential Third Party Discovery Material of a Producing Party which appears
25  on its face or from other documents or testimony to have been received from or
26  communicated to the non-party as a result of any contact or relationship with the
27  Producing Party, or a representative of such Producing Party.  Any person other than the
28

witness, his or her attorney(s), and any person qualified to receive Confidential, Highly Confidential, Highly Confidential Source Code, or Highly Confidential Third Party Discovery Material under this Order shall be excluded from the portion of the examination concerning such information, unless the Producing Party consents to persons other than qualified recipients being present at the examination.  If the witness is represented by an attorney who is not qualified under this Order to receive such information, then prior to the examination, the attorney shall be requested to provide a Confidentiality Agreement, in the form of Attachment A hereto, that he or she will comply with the terms of this Order and maintain the confidentiality of Confidential, Highly Confidential, Highly Confidential Source Code, or Highly Confidential Third Party Discovery Material disclosed during the course of the examination.  In the event that such attorney declines to sign such an "Agreement To Be Bound By Protective Order", prior to the examination, the parties, by their attorneys, shall jointly seek a protective order from the Court prohibiting such attorney from disclosing such Designated Material.

22.   Each person who has access to Discovery Material that has been designated as Confidential, Highly Confidential, Highly Confidential Source Code, or Highly Confidential Third Party shall take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

23.   There is no waiver of the attorney-client privilege or the attorney work-product immunity should a document or thing be produced inadvertently that the producing party claims is protected from disclosure by the attorney-client privilege or the attorney work-product immunity, so long as the producing party took reasonable precautions to avoid producing the privileged or protected material, and the producing party provides notice of the inadvertent production and states the privilege or immunity claimed no later than five (5) business days after actually becoming aware of the inadvertent production. Upon receiving such notice, the receiving party shall within ten (10) business days return the originals and all copies of the document or thing

inadvertently produced which the producing party claims is protected from disclosure by the attorney-client privilege or the attorney-work product immunity.  If the receiving party disputes that the document or thing was inadvertently produced or is protected from disclosure by the attorney-client privilege or the attorney-work product immunity, or that the notice was not provided within the permitted time, then the receiving party shall so notify the producing party in writing at the time the document or thing is returned to the producing party.  The receiving party may file a motion with the Court to compel production of such documents or things.  If such a motion is filed, the producing party shall have the burden of proving the existence of the privilege or immunity asserted.

24. If a Receiving Party is served with a subpoena or a court order that would compel disclosure of any information, documents or things designated in this action as Confidential, Highly Confidential, Highly Confidential Source Code, or Highly Confidential Third Party, the Receiving Party must so notify the Designating Party, in writing (by fax and email) promptly and in no event more than ten (10) calendar days after receiving the subpoena or order. Such notification must include a copy of the subpoena or order.  The Receiving Party also must immediately inform in writing the party who caused the subpoena or order to issue that some or all the material covered by the subpoena or order is the subject of this Protective Order.  In addition, the Receiving Party must deliver a copy of this Protective Order promptly to the Party in the other action that caused the subpoena or order to issue.  The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued.  The Designating Party shall bear the burdens and the expenses of seeking protection in that court of its Designated Material. Nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

25. This Protective Order shall survive the termination of the litigation. Within 120 days of the final disposition of this action (including any and all appeals), all Discovery Material designated by any other party or third party as "Confidential," "Highly Confidential," "Highly Confidential Source Code," or "Highly Confidential Third Party" and all copies thereof (including any notes, records, memoranda, summaries, compilations, or other materials incorporating Confidential, Highly Confidential, Highly Confidential Source Code, or Highly Confidential Third Party Discovery Material) other than materials or information constituting or contained in unsealed pleadings, court filings, correspondence, and trial and deposition transcripts, shall either be promptly returned to the producing person, or destroyed within the time period, upon consent of the party who provided the information, and the party destroying the materials shall certify in writing within thirty (30) days that the documents have been destroyed.

26. This Court shall retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

**IT IS SO ORDERED.**

DATED: May 20, 2010             */s/John E. McDermott* _____
                                The Honorable John E. McDermott
                                UNITED STATES MAGISTRATE JUDGE

**EXHIBIT A**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PSI SYSTEMS, INC., a corporation<br><br>         Plaintiff.<br>v.<br>STAMPS.COM INC., a corporation<br><br>         Defendant.<br>AND RELATED COUNTERCLAIMS | Case No. CV 08-05233 ODW (CTx)<br><br>**ACKNOWLEDGMENT OF NON-DISCLOSURE UNDER PROTECTIVE ORDER** |

I, _____, acknowledge that I have read and understand the Protective Order in this action governing the non-disclosure of those portions of Discovery Material that have been designated as Confidential, Highly Confidential, Highly Confidential Source Code, or Highly Confidential Third Party.  I agree that I will abide by the terms of the Protective Order and will not disclose such Confidential, Highly Confidential, Highly Confidential Source Code, or Highly Confidential Third Party Discovery Material to anyone other than for purposes of this litigation, and I agree that at the conclusion of the litigation, I will promptly return all discovery information to the party or attorney from whom I received it.

By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Central District of California for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.

Date:_____ Signature:_____
                                                Printed Name:

1
**STIPULATED PROTECTIVE ORDER**

-2-

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28