GRAVES & SHAW LLP
Philip J. Graves (SBN 153441)
pgraves@gravesshaw.com
Greer N. Shaw (SBN 197960)
gshaw@gravesshaw.com
Marjorie A. Witter (SBN 250061)
mwitter@gravesshaw.com
William Wong (SBN 272274)
wwong@gravesshaw.com
12121 Wilshire Blvd., Suite 775
Los Angeles, California 90025
Telephone:   (310) 295-6500
Facsimile:    (310) 295-6501

Attorneys for Defendant and
Counterclaimant STAMPS.COM INC.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PSI SYSTEMS, INC., a corporation | CASE NO. CV08-05233 ODW(JEMx) |
| Plaintiff and Counterdefendant | **DISCOVERY MATTER** |
| v. | **(1) STAMPS.COM INC.'S NOTICE OF OPPOSITION TO NON-PARTY EMIL REDZIC'S *EX PARTE* APPLICATION FOR AN ORDER QUASHING STAMPS.COM INC.'S NOVEMBER 5, 2011 SUBPOENA** |
| STAMPS.COM INC., a corporation | |
| Defendant and Counterclaimant. | **(2) STAMPS.COM INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF OPPOSITION TO NON-PARTY EMIL REDZIC'S *EX PARTE* APPLICATION FOR AN ORDER QUASHING STAMPS.COM INC.'S NOVEMBER 5, 2011 SUBPOENA** |
| | Hon. John E. McDermott |
| | [*Declaration of William Wong and accompanying exhibits filed concurrently herewith*] |
| AND RELATED COUNTERCLAIMS. | |

**STAMPS.COM INC.'S OPPOSITION TO NON-PARTY EMIL REDZIC'S *EX PARTE*  APPLICATION FOR AN ORDER QUASHING STAMPS.COM INC.'S NOVEMBER 5, 2011 SUBPOENA**

**TO PLAINITFF AND ITS COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that on November 8, 2011, Stamps.com Inc. ("Stamps.com") hereby submits its opposition to Mr. Emil Redzic's *ex parte* application for an order quashing Stamps.com's deposition subpoena served on Redzic on November 5, 2011 ("*ex parte* Application"). This opposition to the *Ex Parte* Application is based on the accompanying memorandum of points and authorities, the declaration of William Wong, and all papers submitted therewith.

Dated: November 8, 2011

GRAVES & SHAW LLP

By: */s/-Greer N. Shaw*
Philip J. Graves
Greer N. Shaw
Marjorie A. Witter
William Wong

GRAVES & SHAW LLP
12121 Wilshire Blvd, Suite 775
Los Angeles, CA 90025
Attorneys for Defendant and Counterclaimant
STAMPS.COM INC.

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

Contrary to the assertions of Redzic and PSI, Stamps.com did not "sandbag" or "ambush" PSI or Redzic with the November 5, 2011 deposition subpoena ("Deposition Subpoena"). *See* Dkt. #189, at 2, 6, 7.  Rather, this Deposition Subpoena is a culmination of an extensive effort by Stamps.com to obtain very basic information about PSI's website.  In particular, Stamps.com has sought to obtain PSI's admission that the text on PSI's website was placed on that website by PSI itself.  Stamps.com propounded multiple rounds of Requests for Admission directed to establishing this simple truth.  At every turn, PSI obstructed these legitimate efforts, hoping to run out the clock on discovery, which closes on November 14.  Stamps.com was left with no choice but to take the deposition of Redzic, who is not a third party but is instead PSI's Research and Development Manager and the person responsible for PSI's website.

As discussed below, the Court should deny Redzic's *ex parte* Application to quash the Deposition Subpoena.  Redzic has utterly failed to show, as he must, that compliance would cause any oppression or undue burden upon him.  In truth, compliance would require him to travel a few miles to answer some basic questions about topics within his knowledge as PSI's webmaster.  Given this absence of oppression or undue burden, the deposition should go forward.

## II.   COUNTER-STATEMENT OF FACTS

Among the infringement theories Stamps.com has asserted against PSI in this case is inducement of infringement; i.e, that PSI, through its advertising material, its instructional materials propagated to customers, its website, etc., induces its customers to use its Internet postage system in a manner that infringes Stamps.com's asserted patents. *See* Dkt. #13, at 7, ¶ 13.

In order to obtain discovery pertinent to its infringement theories, Stamps.com, among other things, gathered pertinent materials from PSI's publicly available website. In particular, during July of 2011, Stamps.com downloaded 230 different webpages from

PSI's website that Stamps.com concluded were pertinent or potentially pertinent to the parties' claims and defenses in this case.  Wong Decl., ¶ 2, Ex. A.  Having determined that little, if any, of this material had been produced to Stamps.com by PSI notwithstanding Stamps.com's previously-propounded document requests directed to advertising and marketing material, Stamps.com then propounded various document requests specifically directed to PSI's website materials.

For example, on August 5, 2011, Stamps.com served its Request For Production No. 407, which requested "[a]ll DOCUMENTS and COMMUNICATIONS constituting or comprising advertising, marketing, and/or promotional materials for any ACCUSED PRODUCT, which materials were communicated to, were available to, or were accessible to anyone or more of PSI's CUSTOMERS during any portion of the period May of 2007 to the present; including, but not limited to, all advertising, marketing, and promotional materials that appeared on or were otherwise accessible at any PSI WEBSITE during any portion of the period May of 2007 to the present."  Wong Decl., ¶ 3, Ex. B.  Stamps.com's Request for Production No. 408, also served on August 5, 2011, requested "[a]ll DOCUMENTS and COMMUNICATIONS constituting or comprising instructional materials for how to use any ACCUSED PRODUCT, which materials were communicated to, were available to, or were accessible to any one or more of PSI's CUSTOMERS during any portion of the period May of 2007 to the present; including, but not limited to, all guides, manuals, instructions, tutorials, "help" sheets/pages, and "frequently asked questions" / "FAQs" sheets/pages, and any of the foregoing that appeared on or were otherwise accessible at any PSI WEBSITE during any portion of the period May of 2007 to the present."  Wong Decl., ¶ 3, Ex. B.

Concerned that PSI would continue to fail to produce responsive and relevant materials from its website, Stamps.com also propounded requests for admission directed to the 230 specific webpages that Stamps.com had downloaded.  In particular, on August 17 and 18, Stamps.com propounded its Third and Fourth Sets of Requests for Admission ("Third and Fourth RFAs").  Smith Decl., ¶¶ 5-6, Exs. A & B.  Although seemingly

voluminous, Third and Fourth RFAs were actually narrowly focused to establishing essentially two central issues:  (a) the authenticity of each of the 230 PSI webpages that Stamps.com had printed, and (b) the fact that PSI itself was responsible for posting the content of each of the 230 webpages on its own website.  In particular, Stamps.com's Third and Fourth RFAs contained a set of ten RFAs for each of the 230 webpages.  The first of the set of ten (e.g., RFA No. 1112) asked PSI to admit that the webpage (for RFA No. 1112, a webpage attached to the RFAs as "Exhibit 1") was "a genuine, accurate, true, and correct copy of the contents of PSI's website" at a specified URL as of July 8, 2011.  Smith Decl., ¶ 5, Ex. A.[1]  The remaining nine RFAs of the set of ten (e.g., RFA Nos. 1113-1121, for the webpage attached as "Exhibit 1") were calculated to establish that PSI's webpages would either qualify as non-hearsay under Fed. R. Evid. 801(d) or would qualify for a hearsay exception under Fed. R. Evid. 803(6).  Smith Decl., ¶ 5, Ex. A.  Admitting these facts should have been noncontroversial for PSI.

In the meantime, PSI served its responses to Stamps.com's Requests for Production Nos. 407 and 408.  After stating a litany of boilerplate objections, PSI indicated that it would produce responsive documents, but only if they were "not equally accessible to Stamps.com."  Wong Decl., ¶ 4, Ex. C.  Based upon this response, Stamps.com concluded that PSI did not intend to produce materials from its publicly available website – including the 230 specific webpages that were the subject of the Third and Fourth RFAs – and that PSI would instead take the position that such materials need not be produced because there were "equally accessible to Stamps.com."

Shortly after service of the Third and Fourth RFAs, the parties had discussions about ways that PSI could provide Stamps.com with the requested information while

---

[1] Although PSI submitted the Third and Fourth RFAs to the Court as, respectively, Exhibits A and B to the Smith Declaration, PSI did not submit the 230 exhibits (the printed webpages) to those RFAs.  In connection with this opposition, Stamps.com submits the 230 exhibits as composite Exhibit A to ¶ 2 of the Declaration of William Wong.

relieving PSI of the burden of responding to the Third and Fourth RFAs themselves.
Smith Decl., ¶¶ 7-8, Exs. C & E; Wong Decl., ¶ 5, Exs. D-H.  As part of these
discussions, Stamps.com, on September 7, 2011, proposed that PSI could produce the
230 webpages with its own Bates numbers and then either (a) respond to a new,
simplified set of requests for admissions, or (b) provide a declaration "from a PSI
representative attesting that each document accurately contains information on PSI's
website (more particularly, the URL printed on each document) and that such information
was placed on PSI's website by PSI."  Wong Decl., ¶ 5, Exs. D-H.  Stamps.com made this
proposal in view of precedent regarding the use of webpages as evidence.  *E.g.*, *Internet
Specialties West, Inc. v. ISPWest*, 2006 U.S. Dist. LEXIS 96373 (C.D. Cal. Sept. 19,
2006); *In re Homestore Inc. Securities Litig.*, 347 F. Supp. 2d 769 (C.D. Cal. 2004);
*Costa v. Keppel Singmarine Dockyard PTE Ltd.*, 2003 U.S. Dist. LEXIS 16295 (C.D.
Cal. Apr. 25, 2003); *Wady v. Provident Life & Accident Ins. Co. of Am.*, 216 F. Supp. 2d
1060 (C.D. Cal. 2002).

   PSI responded that it would provide the requested declaration.  Wong Decl., ¶ 5,
Exs. D-G.  On September 12, 2011, PSI provided a declaration from Emil Redzic, who
identified himself as PSI's "Research and Development Manager" and the person who
was "personally in charge of … all PSI (dba Endicia) websites."  Smith Decl. ¶ 7, Exs. C
& D; Wong Decl., ¶ 5, Exs. D-H.

   On September 13, Stamps.com's counsel alerted PSI to the fact that the Redzic
declaration was insufficient because it did not identify the documents he purported to be
authenticating and it did not include the assertion that the information shown in each of
the printed webpages was put on PSI's website by PSI, as requested on September 7.
Wong Decl., ¶¶ 5, 13, Exs. D-G, P.  PSI's stated basis for refusing to provide the latter
information was " because of third party materials in the form of links."  Wong Decl., ¶ 5,
Exs. D-F.  On September 15, 2011, Stamps.com responded:  "A declaration that does not
include the statement that the information on PSI's website, at least to the extent of that
printed on the subject webpage printouts, was put on the website by PSI is basically

useless to us…. We are not looking for PSI to attest that information on a third-party's website, which website may be accessible by a link found on PSI's website, is information that PSI put on its own website. In such a scenario, the information is not even on PSI's website. Only the link is on PSI's website." Wong Decl., ¶ 5, Ex. E.

PSI did not respond to Stamps.com's request for further explanation of the purported "links" concern. Instead, on September 16 and September 19, PSI served, respectively, its responses to the Third and Fourth Sets of RFAs. Wong Decl., ¶¶ 6-7, Exs. I & J. In these response, PSI admitted the first of the set of ten RFAs as to each of the 230 webpages; i.e., PSI admitted that each page "is an accurate copy of the contents of PSI's website" at the specified URL. Wong Decl., ¶¶ 6-7, Exs. I & J. However, PSI denied the remaining nine RFAs for each webpage. Wong Decl., ¶¶ 6-7, Exs. I & J. Thus, although PSI admitted the accurateness of each webpage, it essentially refused to admit responsibility for putting the material on its own website.

Stamps.com determined to make one last effort to obtain the necessary but missing information without burdening PSI with a deposition: on September 30, 2011, Stamps.com served a Fifth Set of Requests for Admissions ("Fifth RFAs"). For each of the 230 webpages, the Fifth RFAs asked for a single, simple admission: that "[t]he text shown in [on the webpage] was placed on PSI's website [at a specified URL], by PSI on or before July 8, 2011." Smith Decl. ¶ 9, Ex. F. In essence, Stamps.com asked PSI to admit that the material in the printed webpages had been posted on PSI's website by PSI itself.

On October 31, 2011, PSI responded to the Fifth RFAs. Wong Decl., ¶ 8, Ex. K. Once again, PSI gave Stamps.com the runaround. For each of the RFAs, PSI again stated a litany of boilerplate objections, followed by a non responsive "admission" that each of the 230 webpages "is a printout of the website located at [the corresponding URL], the printout indicating that it was printed on July 8, 2011." Wong Decl., ¶ 8, Ex. K. These admissions were little more than what PSI had provided nearly six weeks earlier.

Upon receipt of PSI's non-responsive "responses" to the Fifth RFAs, and having exhausted its good faith efforts to obtain the evidence by alternative means, Stamps.com determined that its only remaining option was to take the deposition of Emil Redzic. Accordingly, on November 4, 2011, Stamps.com served PSI with a Notice of Deposition of Emil Redzic, its employee, with the deposition to take place on November 14, 2011 in Los Angeles.  Wong Decl., ¶ 9, Ex. L.  As a precaution, Stamps.com also served a deposition subpoena upon Mr. Redzic on November 5, 2011.  Wong Decl., ¶ 10, Ex. M. The subpoena was served upon Mr. Redzic at his residence in Santa Monica.  Wong Decl., ¶ 11, Ex. N.

On Monday, November 7, 2011, PSI's counsel informed Stamps.com's counsel that Redzic would move to quash the subpoena.  Smith Decl., ¶ 4.

## III.   ARGUMENT

### A.   Quashing The Subpoena Is Unwarranted, Because The Burden On Redzic Will Be Minimal, And Certainly Not "Unreasonable" Or "Oppressive."

"Rule 45(b) authorizes the court to quash the subpoena only if it is unreasonable and oppressive. The burden of showing that a subpoena is unreasonable and oppressive is upon the party to whom it is directed." *Goodman v. United States*, 369 F.2d 166, 169 (9th Cir. 1966); *see also Moon v. SCP Pool Corp.*, 232 F.R.D. 633, 637 (C.D. Cal. 2005) ("the party who moves to quash a subpoena has the "burden of persuasion" under Rule 45(c)(3)"). Here, Redzic has not shown -- and cannot show -- that compliance with the subpoena would be unreasonable or oppressive.

First, Redzic complains about "expense."  See Dkt #189 at 1, 6.  However, Redzic does not substantiate that complaint with any detail or evidence.  Nor could he.  Redzic is being represented by the lawyers of his employer, PSI, so he will incur no expense to hire his own counsel.  Moreover, the place of deposition (west Los Angeles) is within a few miles of Redzic's place of residence (Santa Monica) (Wong Decl., ¶11, Ex. N.), so he will incur very minimal travel expense.  And, the subpoena seeks only testimony, so Redzic

will incur no expense in collecting and producing any documents.  Redzic does not even suggest that he would incur any other expenses to comply with the subpoena.

Second, Redzic complains about "undue burden."  *See* Dkt #189, at 1, 6.  But again, this complaint is conclusory and unsubstantiated.  As noted above, he will not be burdened with hiring lawyers, traveling any appreciable distance, or collecting any documents.  All he has to do is travel a few miles to answer questions about topics he is intimately familiar with by virtue of his role as PSI's webmaster and Research and Development Manager.  Nor is there any burden on PSI or its lawyers, Sheppard Mullin.  Indeed, Sheppard Mullin has hundreds of lawyers, including at least five attorneys identified on the face of its *ex parte* application.  Wong Decl., ¶12, Ex. O.  Surely, one of these attorneys can attend the Redzic deposition.

Third, Redzic complains about a lack of "reasonable time to comply."  *See* Dkt # 189, at 1, 2, 5. Once again, this complaint is spurious.  The only necessary "compliance" for Redzic is to show up and answer questions about topics within his knowledge as PSI's webmaster and Research and Development Manager.  To the extent Redzic needs time to prepare, he has 9 days between service of the subpoena and the identified deposition date, November 14.  Redzic does not seriously contend that this is insufficient time for him to prepare.  Nor has Redzic ever contended that he is unavailable for deposition on November 14, nor made any effort to reschedule for a different date that might be more convenient for him.

In sum, Redzic has utterly failed to satisfy his burden to show that the Deposition Subpoena is both unreasonable and oppressive.  His sweeping and conclusory assertions of burden and expense do not suffice.  *See In re Coan*, 2007 WL 128010, at *5 (N.D. Cal. Jan. 12, 2007) (broad, sweeping assertions of unreasonableness and unduly burdensome, without evidence, insufficient to quash deposition subpoena); *Kirschner v. Klemons*, 2005 WL 1214330, at *2 (S.D.N.Y. May 19, 2005) (movant "cannot merely assert that compliance with the subpoena would be burdensome without setting forth the manner and extent of the burden and the probable negative consequences of insisting on

1  compliance. And inconvenience alone will not justify an order to quash a subpoena that
2  seeks potentially relevant testimony." (citing *Croom v. Western Conn. State Univ.*, 218
3  F.R.D. 15, 17 (D.Conn.2002))).  The Court should deny Redzic's *ex parte* Application.

### B.   PSI's Continual, Bad Faith Attempts To Obstruct Stamps.com's Legitimate Discovery Efforts Necessitated Redzic's Deposition.

6          Despite Stamps.com's diligent efforts to obtain seemingly straight-forward
7  requests for admissions directed at whether PSI was responsible for the content of various
8  PSI webpage print-outs obtained from PSI's own publicly available websites, PSI has
9  repeatedly and puzzlingly gone out of its way to refuse to admit as much.  As a result,
10 Stamps.com was left with no choice but to depose Redzic to obtain such testimony,
11 which is pertinent to establishing that the webpage print-outs are admissible evidence
12 under the Federal Rules of Evidence and are not hearsay.  PSI's *ex parte* Application is
13 yet another attempt by PSI to obstruct Stamps.com's discovery efforts at rendering
14 crucial evidence admissible under the FRE.

15         PSI tries to mislead this Court by focusing on the shear number of RFAs in
16 Stamps.com's third and fourth sets of RFAs, rather than the substance of such RFAs.  As
17 discussed above, the Third and Fourth RFAs present a set of ten RFAs, tracking language
18 from the Fed. R. Evid., for the purpose of establishing that each of the 230 PSI webpage
19 print-outs will not be subject to a hearsay objection.  *See* Dkt #189-2, 189-3.  The Fifth
20 Set of RFAs targets the very same 230 webpage print-outs.  PSI could easily have
21 avoided this dispute, and the effort required to respond to the Third, Fourth, and Fifth sets
22 of RFAs, by simply admitting what is undoubtedly true:  that PSI is responsible for
23 putting the content of its own webpages on its own website.

24         Shortly after receiving PSI's responses to its fifth set of RFAs on November 1,
25 2011, Stamps.com noticed Redzic's deposition and served the deposition subpoena.
26 Contrary to PSI's contentions, Stamps.com did not seek to "ambush" or "sandbag" PSI,
27 but instead took the only course left available to obtain discovery that PSI should have
28 provided long ago.  Moreover, the need for Redzic's deposition did not become evident

until on October 31, 2011, when PSI provided its non-responses to the Fifth RFAs.  This explains why the topic of scheduling Redzic's deposition was not discussed between counsel when, between October 22 and October 25, they discussed scheduling of expert depositions.  Smith Decl., ¶10, Ex. H.

In sum, it is disingenuous for PSI to now prevent Redzic's deposition when it was PSI's very obstructionist actions that directly caused the necessity of this deposition.  The *ex parte* Application is yet another attempt by PSI to obstruct Stamps.com's legitimate discovery efforts.  With the discovery set to close on November 14, the Court should deny the *ex parte* application because granting it would be prejudicial to Stamps.com.

## IV.   <u>CONCLUSION</u>

For the foregoing reasons, Stamps.com respectfully requests that the Court deny Redzic's *Ex Parte* Application For An Order Quashing Stamps.com's November 5, 2011 Subpoena.

DATED: November 8, 2011                              Respectfully Submitted,


By:  */s/-Greer N. Shaw*
          Philip J. Graves
          Greer N. Shaw
          Marjorie A. Witter
          William Wong

          GRAVES & SHAW LLP
          12121 Wilshire Blvd, Suite 775
          Los Angeles, CA 90025
Attorneys for Defendant and Counterclaimant
STAMPS.COM INC.

STAMPS.COM INC.'S OPPOSITION TO NON-PARTY EMIL REDZIC'S *EX PARTE*  APPLICATION FOR AN ORDER QUASHING STAMPS.COM INC.'S NOVEMBER 5, 2011 SUBPOENA